IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KATHRYN FINNEY, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 5:14-CV-00840-XR |
| § | |
| VHS SAN ANTONIO PARTNERS, LLC § | |
| D/B/A NORTH CENTRAL BAPTIST § | |
| HOSPITAL, § | |
| § | |
| *Defendant*. § | |
| § | |

## ORDER

On this day the Court considered Defendant's Motion to Dismiss Plaintiff's complaint for failure to state a claim. Docket no. 27. For the following reasons, the Court GRANTS the motion.

## BACKGROUND

Plaintiff Kathryn Finney filed a petition in the 37th Judicial Court of Bexar County, Texas on May 13, 2014. Docket no. 1-2 at 17-29. The petition alleged: (1) claims of sexual discrimination covered under Title VII and Texas law, (2) defamation, (3) constructive discharge, and (4) wrongful termination. *Id.* at 20. Defendant VHS San Antonio Partners, LLC ("VHS") denied these claims.[1] *Id.* at 23-26. This case was removed on September 22, 2014. Docket no. 1.

Finney began working for VHS as a Registered Nurse in September 2005. Docket 25 at 3. Finney retired from her position at VHS in 2010 and was rehired in March 2011. *Id.* Finney

---

[1] VHS was originally sued under the improper names "North Central Baptist" and "Baptist Hospital System." Docket no. 1-2 at 17. VHS corrected this naming error in its answer to Finney's petition and noted that it does business under the name "North Central Baptist Hospital." *Id.* at 23.

1

alleges she was rehired as the "Chief Supervisor" in the Adult Emergency Department. *Id*. VHS alleges that it rehired Finney as a Registered Nurse. Docket no. 28 at 3. Finney alleges that it is around this time that she began experiencing "employment issues" while under the supervision of the Director of the Adult Emergency Department, Tammy Holland.[2] Docket no. 25 at 3.

Finney alleges that on June 27, 2012, Holland informed her that she was going to start a "paper trail on [Finney]" as a result of a "chain of events." *Id*. Finney also alleges that Holland told her that the Chief Nursing Officer, Melissa Low, did not like Finney because she stood up for patients. *Id*. Holland also allegedly stated that Finney had upset "the powers that be." *Id*. VHS admitted that Holland administered a "documented verbal counseling" to Finney on June 27, 2012, but denied Finney's characterization of the counseling session. Docket no. 28 at 3.

On June 29, 2012, Finney emailed an employee in Corporate Compliance named Jeff Hodges and complained of Holland's "paper trail" statement. Docket no 25 at 3; docket no. 28 at 3. Finney further complained about "patient safety and staffing issues at the hospital which had caused patients to wait for longer periods of time and, in some occasions, even downgrading patients from their level of care and discharging them from the ER." *Id*.

Allegedly, upon direction of Hodges, Finney emailed Holland on July 3, 2012 to "complain about [Holland's] threat to start a paper trail on [Finney] without a valid reason." *Id*. On July 24, 2012, Holland scheduled a Charge Nurse Staff Meeting but did not invite Finney. Docket no. 25 at 3-4. Finney alleges that Holland deliberately excluded her from the meeting. *Id*. at 3. Finney alleges that other nurses had to remind Holland that Finney was not present at the meeting and that someone should contact Finney because her attendance was necessary. *Id*. at 4. Finney also alleges that Holland had texted seven other nurses "at the last minute." *Id*.

---

[2] Tammy Holland was a named defendant in the original petition. Docket 1-2 at 17. Finney non-suited Tammy Holland without prejudice on May 12, 2015. Docket no. 19.

Holland then asked Finney to meet in her office and allegedly said the following: (1) "Am I being an as****e to you?" and (2) that Finney sounded drunk and "pissed" in her July 3, 2012 email. *Id*. Also on July 24, 2012, Finney emailed Hodges again informing him of the allegedly intentional exclusion of Finney from the Charge Nurse meeting. *Id*. Finney alleges that she was demoted at this time "without a reason." *Id*.

On January 7, 2013, there was a "Code Green" called on a psychiatric patient multiple times. *Id*. Finney alleges that when she was about to attend to the patient, Dr. Lee Rogers asked Finney in the hallway if she had "flash[ed]" the patient. *Id*. Rogers allegedly informed Finney that Holland had told him and other staff members that Finney did not need help with a "Code Green" because she could just "flash [the patients] to calm them down." *Id*. On January 9, 2013, Finney emailed the hospital's Director of Human Resources, Thomas Piszczatoski, and made a formal complaint of a hostile work environment against Holland. *Id*. Finney also complained about Holland's "inappropriate and sexual comments made about [Finney] to physicians and staff at the hospital on January 7, 2013." *Id*. After not receiving a response from Piszczatoski, Finney emailed him on January 11, 2013, "requesting confirmation that he had received her complaint of a hostile work environment." *Id*. at 5. Piszczatoski allegedly replied that he had received the email and that he was taking action. *Id*.

In July 2013, Low conducted a compliance inspection in the Adult Emergency Department. *Id*. During this inspection, Finney informed a registered nurse named Deborah Bale that she had seen Low go through Bale's purse. *Id*. Bale complained to Angela Rivera, an Interim Assistant Nurse Office, who then notified Human Resources. *Id*. On July 10, 2013, Finney met with Rivera and Holland who then informed her that they were going to investigate her allegations against Low. *Id*. Finney stood up and resigned from her employment. *Id*.

Finney alleges that she resigned because she knew that the investigation was "a result of her previous protected complaints involving patient safety and hostile work environment." *Id*.

Finney filed a petition in the 37th Judicial Court of Bexar County, Texas on May 13, 2014. Docket no. 1-2 at 17-29. This case was removed on September 22, 2014. Docket no. 1. On November 26, 2014, VHS filed an Advisory stating that its counsel had made multiple attempts to contact Finney's counsel, received no answer, and discovered that Finney's counsel had voluntarily resigned her law license on September 30, 2014. Docket no. 7 at 1. After finding new counsel, Finney filed an unopposed motion to amend her original complaint on June 11, 2014. Docket no. 25. The amended complaint alleged: (1) claims of sexual discrimination in violation of Title VII and Texas law, (2) retaliation by VHS in violation of Title VII based on a protected complaint of a hostile work environment based on sex, and (3) retaliation by VHS in violation of Texas Occupations Code §§ 301.4025(c) and 301.413(b) based on her protected complaints of patient safety to VHS. Docket no. 25 at 5-6. The amended complaint added the facts relating to Finney's "protected complaints" regarding patient safety. The original complaint did not mention patient safety concerns or retaliation as a result of Finney reporting her concerns on patient safety. *See generally* docket no. 1-2.

VHS moved to dismiss Finney's Texas Occupation Code retaliation claims ("TOC claims") as untimely. Docket no. 27. VHS argues that a limitations period of 180 days should apply and therefore Finney's TOC claims are time-barred. Docket no. 34. Finney argues that the catch-all provision in Texas Civil Practice and Remedies Code § 16.051, which allows for a four-year limitations period, should apply and therefore the TOC claims are not time-barred. Docket no. 33.

**STANDARD OF REVIEW**

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a complaint asserts a claim that is time-barred, the claim may be dismissed pursuant to 12(b)(6) where the limitations defense is apparent from the plaintiff's pleadings. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred.").

**ANALYSIS**

VHS argues in its motion to dismiss that Finney's TOC claims are untimely because the claims are most similar to claims under Texas Health & Safety Code § 161.134, which has a 180-day limitations period.[3] Docket no. 34 at 1. Finney argues that the TOC claims should be governed by the catch-all provision in Texas Civil Practice and Remedies Code § 16.051, which provides for a limitations period of four years. Docket no. 33 at 2. Neither party contends that there is an explicit limitations period contained within the Texas Occupations Code pursuant to §§ 301.4025(c) or 301.413(b). Docket no. 33 at 4; docket no. 34 at 2. The Court likewise does not find an explicit limitations period that governs Texas Occupations Code Section 301 claims.

"When a statute lacks an express limitations period, courts look to analogous causes of action for which an express limitations period is available either by statute or by case law." *Johnson & Higgins, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 518 (Tex. 1998); *City of Pasadena v. Smith*, 292 S.W.3d 14, 22 (Tex. 2009); *see also Hammond v. Pearle Vision, Inc.*, 659 F. Supp. 2d 784, 786 (E.D. Tex. 2009).

---

[3] VHS initially argued in its motion to dismiss that a limitations period of two years would apply to the TOC claims. Docket no. 27 at 4. It amended this argument in its reply to Finney's response to the motion to dismiss. Docket no. 34 at 2.

Finney has not provided any statutes or case law of analogous causes of action that provide an explicit statute of limitations. *See generally* docket no. 33.[4] VHS argues that *Gilyard v. Texas Laurel Ridge Hosp. LP, d/b/a Laurel Ridge Hosp.*, No. 5:07-cv-00650-OLG, docket nos. 74, 82 (W.D. Tex. 2008), is most analogous to Finney's TOC claims. Docket no. 34 at 3-5.

*Gilyard* addressed the case of two nurses who brought Texas Occupations Code claims against the hospital they worked for, who argued that they were retaliated against whenever they asked for "additional staff." No. 5:07-cv-00650-OG, docket nos. 74, 82. The court stated that "[w]here the law is silent on a statute of limitations — as is the applicable Occupations Code section — the Court should be guided by the most analogous causes of action." *Gilyard*, No. 5:07-cv-00650-OG, docket no. 74 at 6, docket no. 82 at 2. The court found that the most analogous cause of action was a claim brought under the Texas Health & Safety Code. *Id*. The court reasoned further that the Health & Safety Code serves "parallel and overlapping functions" with the Texas Occupations Code because both codes "are designed to serve an important public policy by preventing health care employers from retaliating against health care employees, and each provides a cause of action to health care providers to recover the same remedies." *Id*.

The Court agrees with the reasoning in *Gilyard*. TEX. OCC. CODE § 301.4025(b) provides that "[a] nurse may report to the nurse's employer . . . any situation that the nurse has reasonable cause to believe exposes a patient to substantial risk of harm as a result of a failure to provide patient care that conforms to minimum standards of acceptable and prevailing professional practice or to statutory, regulatory, or accreditation standards." TEX. OCC. CODE § 301.4025(c) provides that "[a] person may not suspend or terminate the employment of, or otherwise discipline, discriminate against, or retaliate against, a person who . . . reports under good faith

---

[4] Finney merely points to a "plain reading" interpretation of Texas Civil Practice and Remedies Code § 16.051 which states: "Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues." Docket no. 33 at 5.

under [Tex. Occ. Code § 3012.4025]." Tex. Occ. Code § 301.4025(d) provides that "[a] violation of Subsection (c) is subject to [Tex. Occ. Code] Section 301.413," which allows for actual damages, exemplary damages, compensation for lost wages, and reinstatement. Tex. Occ. Code § 301.413(c)-(d).

Comparatively, Tex. Health & Safety Code § 161.134 provides that "[a] hospital . . . may not suspend or terminate the employment of or discipline or otherwise discriminate against an employee for reporting to the employee's supervisor, an administrator of the facility, a state regulatory agency, or a law enforcement agency a violation of law, including a violation of this chapter, a rule adopted under this chapter, or a rule of another agency." "A person who has been discriminated against in violation of Subsection (a) may sue for injunctive relief, damages, or both." Tex. Health & Safety Code § 161.134(d). "In addition . . . a plaintiff is entitled to, if applicable: (1) reinstatement in the plaintiff's former position; (2) compensation for lost wages; and (3) reinstatement of lost fringe benefits or seniority rights." Tex. Health & Safety Code § 161.134(e).

Tex. Occ. Code §§ 301.4025 and 301.413 and Tex. Health & Safety Code § 161.134 protect against hospital employers retaliating against healthcare employees who report violations of the law. These also provide these healthcare workers remedies that include damages, compensation for lost wages, and reinstatement. The causes of action provided by Tex. Occ. Code §§ 301.4025 and 301.413 are most analogous to the cause of action provided by Tex. Health & Safety Code § 161.134; therefore the TOC claims should share the same limitations period as claims brought under Tex. Health & Safety Code § 161.134. Tex. Health & Safety Code § 161.134 provides that "[a] person who alleges a violation of Subsection (a) must sue under this section before the 180th day after the date the alleged violation occurred or was

discovered by the employee through the use of reasonable diligence." Additionally, other whistleblower claims by hospital employees have been held to be subject to a limitations period of 180 days. *See United States ex rel. Wall v. Vista Hospice Care, Inc.*, 778 F. Supp. 2d 709, 725 (N.D. Tex. 2011) ("[Plaintiff] alleges retaliation for whistle blowing in the healthcare industry, and the Court thus applies the State's 180-day limitations period for retaliation against hospital employees for reporting violations of law.") Thus, the Court finds that Finney's TOC claims are subject to a 180-day limitations period.

Finney alleges that she was demoted on July 24, 2012. Docket no. 25 at 4. Applying a 180-day limitations period, Finney would be time-barred from bringing a TOC claim after January 20, 2013. Finney filed the first amended complaint on June 11, 2015, well after the limitations period expired. Docket no. 25. Finney's TOC claim on her alleged demotion is thus time-barred and dismissed.

Finney alleges that she was "constructively terminated" on July 10, 2013. Docket no. 25 at 5. Applying a 180-day limitations period, Finney would be time-barred from bringing a TOC claim after January 6, 2014. Finney filed the first amended complaint on June 11, 2015, well after the limitations period expired. Docket no. 25. Finney's TOC claim on her alleged constructive terminations is thus time-barred and dismissed.

Finney does not argue that the first amended complaint relates back to the original complaint. Even if her claims did relate back to the original complaint, this complaint was filed May 13, 2014. Docket no. 1-2. This still falls outside the 180-day limitations period provided by the Health & Safety Code.

The Court finds that the Texas Health & Safety Code violation covering hospital employees who report violations of the law is most analogous to Finney's TOC claims, which

protect nurses from being retaliated against for reporting violations of statutory regulations. Finney's cause of action is thus subject to the same 180-day limitations period and has been found untimely. Finney has failed to state a valid claim. Therefore, the motion to dismiss is granted.

## CONCLUSION

For the above reasons, Defendant's motion to dismiss (docket no. 27) is GRANTED. Plaintiff's amended complaint is DISMISSED.

SIGNED this 3rd day of August, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE